UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| John Myers,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Hyundai Capital America d/b/a Hyundai Motor Finance,<br><br>　　　　　　　Defendant. | Civil Action No.:  3:20-cv-57<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, John Myers, by undersigned counsel, states as follows:

## JURISDICTION

1.This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2.Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.The Plaintiff, John Myers ("Plaintiff"), is an adult individual residing in Farmers Branch, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4.Defendant Hyundai Capital America d/b/a Hyundai Motor Finance ("Hyundai"), is a California business entity with an address of 3161 Michelson Drive, Suite 1900, Irvine, California 92612-4418, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.Plaintiff does not have an account with Hyundai.

6. Plaintiff has no business relationship with Hyundai and never requested by an agreement or otherwise that he be contacted.

7. Plaintiff never provided his cellular telephone number to Hyundai and never provided his consent to Hyundai to be contacted on his cellular telephone.

8. Nonetheless, within the last year, Hyundai began placing calls and text messages to Plaintiff's cellular telephone, number 310-xxx-1436.

9. Hyundai placed the calls and text messages to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

10. When Plaintiff answered calls from Hyundai, he heard silence and had to wait on the line to be connected to the next available representative.

11. The message Hyundai sent Plaintiff was generated from a template and contained the following generic language: "From Kia Motors Finance; Payment Due 1/13/19 is Past Due; Please go to www.kmfusa.com/login or call 1-844-220-1762 to pay. Reply STOP to opt-out."

12. On January 14, 2019 and January 15, 2019, Plaintiff spoke with Hyundai and asked Hyundai to stop calling.

13. During the calls, Hyundai informed Plaintiff that it was calling him in an attempt to reach Aileen Smollins, who is unknown to Plaintiff. Plaintiff advised Hyundai that he was being called in error and directed Hyundai to remove his number from the account and to cease all communications with him.

14. Nevertheless, Hyundai continued to place automated calls to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     At all times mentioned herein and within the last year, Defendant called and texted Plaintiff on his cellular telephones using an ATDS or predictive dialer.

17.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18.     Defendant's telephone systems have some earmarks of a Predictive Dialer.

19.     When Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

20.     Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21.     Plaintiff never provided his cellular telephone to Defendant and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendant to stop all calls to him.

22.     In the event Defendant at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

23. Defendant contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

24. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

26. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 9, 2020

                Respectfully submitted,

                By */s/ Jody B. Burton*

                Jody B. Burton, Esq.
                CT Bar # 422773
                LEMBERG LAW, L.L.C.
                43 Danbury Road, 3rd Floor
                Wilton, CT 06897
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                E-mail: jburton@lemberglaw.com
                Attorneys for Plaintiff